IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:21-CR-62-TAV-JEM |
| | ) | 3:22-CR-68-TAV-JEM |
| JACK BOLDEN, | ) | |
| | ) | |
| Defendant, | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned on Defendant Jack Bolden's Motion for Approval to File Interim Voucher in CJA Case [Doc. 302], which was referred to the undersigned [Doc. 309].[1] 28 U.S.C. § 636(b). Defendant entered a guilty plea on April 24, 2023, and will appear for sentencing on December 4, 2023. Defense counsel, who is appointed pursuant to the Criminal Justice Act ("CJA") [Doc. 85], asserts that he faces financial hardship from delaying payment until the case's conclusion due to the extended nature of the case [Doc. 301 p. 2]. He asks the Court to find this case to be extended and to permit interim payments. [*Id*. at 3].

For the reasons discussed herein, the undersigned recommends that the District Judge permit interim payments and provide counsel with instructions on seeking interim payments.

**I. ANALYSIS**

A court may grant interim payments for counsel when "necessary and appropriate in a specific case[.]" 7A *Guide to Judiciary Policy*, Ch. 2, § 230.73.10(a) (hereinafter "*Guide*"). Defendant Bolden is charged along with fifteen named codefendants and unnamed others with

---

[1] Defendant Bolden filed an identical motion in case number 3:21-CR-62 [Doc. 34], which the District Judge also referred to the undersigned [Doc. 35]. In case number 3:21-CR-62, Defendant has entered a guilty plea and is awaiting sentencing. All citations are to case number 3:22-CR-68, unless otherwise stated.

conspiring to distribute 1,000 kilograms or more of marijuana (Count One) and conspiring to launder the proceeds of the drug trafficking alleged in Count One (Count Four) [Doc. 3]. On April 26, 2023, the undersigned continued the trial of this case to November 14, 2023, on the motions of several codefendants [Doc. 227 p. 3]. On August 22, 2023, Defendant's sentencing hearing was continued from August 24 to December 4 [Doc. 302 p. 1]. Defense counsel asserts that he has represented Defendant Bolden in his two cases for more than a year and that representation of Defendant Bolden constitutes twenty-nine percent of his current active caseload [*Id*. at 2]. He argues that delaying payment until after the December 4, 2023 sentencing hearing will cause a financial hardship to his practice [*Id*. at 3]. Counsel also contends that this representation is complex because it involves two cases, extensive discovery, events occurring in multiple states, and fifteen codefendants [*Id*.]. Counsel has conferred with Dennis Alerding, the Case Budgeting Attorney for the Sixth Circuit, who advised him to move for interim payments and does not object thereto [*Id*. at 2]. Accordingly, counsel argues that interim payments are warranted here [*Id*. at 3].

The provisions permitting payments over the maximum case compensation guide the undersigned in determining whether interim payments are necessary and appropriate. *See* 7A Guide, Ch. 2, § 230.23.40. The threshold question is whether the case is either extended or complex. *Id.* § 230.23.40(b). A case is extended if "more time is reasonably required for total processing than the average case[.]" *Id.* § 230.23.40(b)(2). A case is complex if "the legal and factual issues in the case are unusual, thus requiring the expenditure of more time, skill, and effort by the lawyer than would normally be required in an average case[.]" *Id.* § 230.23.40(b)(1). *Id*. Here, the undersigned finds that counsel's representation qualifies as extended, due to the number of codefendants charged and the filing of dispositive motions by

2

one codefendant, which have resulted in a lengthy trial continuance. These factors have reasonably caused pretrial matters to take more time than in the typical case. While Defendant Bolden is not proceeding to trial, he is affected by the litigation of pretrial motions by a codefendant that results in the delay of trial at which Defendant Bolden's testimony may be required.

Next, the undersigned considers whether alternative payment is needed to provide fair compensation. *Id.* § 230.23.40(c). For this step, the undersigned weighs the following nonexclusive criteria:

- responsibilities involved measured by the magnitude and importance of the case;

- manner in which duties were performed;

- knowledge, skill, efficiency, professionalism, and judgment required of the and used by counsel;

- nature of counsel's practice and injury thereto;

- any extraordinary pressure of time or other factors under which services were rendered; and

- any other circumstances relevant and material to a determination of a fair and reasonable fee.

*Id.*; *see id.* § 230.73.10(c). Here, defense counsel states that delay in payment will cause a financial hardship to his law practice because Defendant Bolden's two cases make up twenty-nine percent of his current active caseload [Doc. 302 p. 2]. Counsel also notes a sentencing hearing in another CJA appointment, which comprises twenty-six percent of his active caseload, which has also been continued to October 27, 2023. Based on this information, the undersigned finds that interim payments are necessary to fair compensation due to the injury to defense

3

counsel's practice that would result from delaying payment until the conclusion of Defendant Bolden's cases.

In sum, the undersigned finds interim payments in Defendant's two cases are necessary and appropriate.

**II.    CONCLUSION**

For the reasons discussed herein, the undersigned finds:

1. that interim payments in Defendant Bolden's two cases are necessary and appropriate;

2. that if interim payments are permitted, counsel must follow the below procedures for the submission of vouchers, as outlined in 7A *Guide*, Ch. 2, § 230:

    a. counsel should submit one interim voucher per month unless the total amount of fees claimed for that month is less than $1,500, in which case, no voucher should be filed that month;

    b. the first interim voucher submitted should reflect all compensation claimed and reimbursable expenses incurred from the date of appointment to the final day of that month;

    c. each voucher must state the time period it covers and whether it is for an interim payment or the final payment;

    d. each interim voucher should be assigned a number and must be supported by detailed and itemized time and expense statements; and

    e. each voucher must state all compensation and reimbursement previously received;

3. counsel should also be directed that he may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation using the following procedures:

    a. counsel should incur no single expense in excess of $300 without prior approval of the Court, sought by

4

filing an ex parte application with the Clerk, stating the nature of the expense, the estimated dollar cost, and the reason the expense is necessary to the representation;

b. recurring expenses such as telephone toll calls, photocopying, and photographs, which aggregate more than $500 on one or more interim vouchers are not considered single expenses requiring prior approval;

c. travel expenses, such as airfare, mileage, parking fees, meals, and lodging for travel outside of the city/county where counsel's practice is located for the purpose of consulting with the client, his or her former counsel, interviewing witnesses, etc., can be claimed as itemized expenses;

d. if expenses for a single trip will aggregate an amount in excess of $300, counsel should seek prior approval from the Court;

e. case-related travel by privately owned automobile should be claimed at the government mileage rate per mile, plus parking fees, ferry fares, and bridge, road, and tunnel tolls, transportation other than by privately owned automobile should be claimed on an actual expenses basis, air travel in "first class" is prohibited, and counsel and persons providing services under the CJA are encouraged to contact the Clerk for air travel authorization at government rates;

f. actual expenses incurred for meals and lodging while traveling outside of the city/county where counsel's practice is located must conform to the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing governmental travel regulations (for specific details concerning high-cost areas, counsel should consult the Clerk of Court);

g. telephone toll calls, telegrams, photocopying, and photographs may be reimbursable expenses if reasonably incurred, but general office overhead,

      such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature; and

   h. expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Rule 17 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 1825; and

4. for questions about submission of vouchers, counsel should be directed to consult the Court's website at www.tned.uscourts.gov and to contact the Clerk's Office.

The undersigned therefore **RECOMMENDS** that the District Judge **GRANT** Defendant Bolden's motions for interim payments [**Case No. 3:21-CR-62, Doc. 34 & Case No. 3:22-CR-68, Doc. 302**] and provide defense counsel with the above instructions.[2]

            Respectfully submitted,

            */s/ Jill E. McCook*
            Jill E. McCook
            United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to appeal the District Court's order. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 555 U.S. 1080 (2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). "[T]he district court need not provide *de novo* review where objections [to this report and recommendation] are [f]rivolous, conclusive, or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation omitted). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).