UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| Plaintiff, | ) ) ) | | |
| v. | ) ) | No.: | 3:21-CR-62-TAV-JEM-1 3:22-CR-68-TAV-JEM-3 |
| JACK BOLDEN, | ) ) | | |
| Defendant. | ) | | |

# ORDER

This criminal matter is before the Court on the Report and Recommendation ("R&R") entered by United States Magistrate Judge Jill E. McCook on October 3, 2023 [Case No. 3:21-CR-62, Doc 36; Case No. 3:22-CR-68-3, Doc. 338], recommending that the Court permit interim payments and provide counsel with instructions on seeking interim payment instructions in defendant's two cases. There have been no timely objections filed to the R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2).

After carefully reviewing the matter, the Court agrees with Judge McCook's recommendation and reasoning, which the Court adopts and incorporates into its ruling. Accordingly, the Court **ACCEPTS IN WHOLE** the R&R [Case No. 3:21-CR-62, Doc. 36; Case No. 3:22-CR-68-3, Doc. 338]. Defendant's motions for interim payment [Case No. 3:21-CR-62, Doc. 34; Case No. 3:22-CR-68, Doc. 302] are **GRANTED**.

As it has been determined that interim payments in defendant's two cases are necessary and appropriate, the Court **ORDERS** counsel to follow the below procedures for

the submission of vouchers, as outlined in 7A Guide to Judiciary Policy, Ch. 2, § 230.73.10(a):

1. Counsel should submit one interim voucher per month unless the total amount of fees claimed for that month is less than $1,500, in which case, no voucher should be filed that month;

2. The first interim voucher submitted should reflect all compensation claimed and reimbursable expenses incurred from the date of appointment to the final day of that month;

3. Each voucher must state the time period it covers and whether it is for an interim payment or the final payment;

4. Each interim voucher should be assigned a number and must be supported by detailed and itemized time and expense statements; and

5. Each voucher must state all compensation and reimbursement previously received.

Counsel is **DIRECTED** that he may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation using the following procedures:

1. Counsel should incur no single expense in excess of $300 without prior approval of the Court, sought by filing an ex parte application with the Clerk, stating the nature of the expense, the estimated dollar cost, and the reason the expense is necessary to the representation;

2. Recurring expenses such as telephone toll calls, photocopying, and photographs, which aggregate more than $500 on one or more interim vouchers are not considered single expenses requiring prior approval;

3. Travel expenses, such as airfare, mileage, parking fees, meals, and lodging for travel outside of the city/county where counsel's practice is located for the purpose of consulting with the client, his or her former counsel, interviewing witnesses, etc., can be claimed as itemized expenses;

4. If expenses for a single trip will aggregate an amount in excess of $300, counsel should seek prior approval from the Court;

5. Case-related travel by privately owned automobile should be claimed at the government mileage rate per mile, plus parking fees, ferry fares, and bridge, road, and tunnel tolls, transportation other than by privately owned automobile should be claimed on an actual expenses basis, air travel in "first class" is prohibited, and counsel and persons providing services under the CJA are encouraged to contact the Clerk for air travel authorization at government rates;

6. Actual expenses incurred for meals and lodging while traveling outside of the city/county where counsel's practice is located must conform to the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing governmental travel regulations (for specific details concerning high-cost areas, counsel should consult the Clerk of Court);

7. Telephone toll calls, telegrams, photocopying, and photographs may be reimbursable expenses if reasonably incurred, but general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature; and

8. Expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Rule 17 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 1825.

For questions about submission of vouchers, counsel is **DIRECTED** to consult the Court's website at www.tned.uscourts.gov and to contact the Clerk's Office.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE